**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Brandon, et al., | No. CV-25-01538-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Vascular Access Certification Corporation, et al., | |
| Defendants. | |

Before the Court is Josephine Brandon, William Hart, VA-BC Training Center, LLC, and Phoenix Vascular Access's (collectively "Plaintiffs") Motion for Leave to Amend their Complaint. (Doc. 24). The Motion is opposed by Vascular Access Certification Corporation ("VACC"). (Doc. 27). VACC also asks that its pending Motion to Dismiss be applied to Plaintiffs' First Amended Complaint if granted. (Doc. 10). The Court will grant that request and analyze both Plaintiffs' Motion for Leave to Amend Complaint and VACC's Motion to Dismiss in tandem. For the reasons set forth below, the Court will grant Plaintiff's Motion for Leave to Amend Complaint and deny VACC's Motion to Dismiss.

**I.    Background**

Plaintiffs, based in Maricopa County, run a vascular training center, or two, to provide certification services to individuals seeking to be credentialed in the vascular industry. (Doc. 24 at ¶¶ 1–4). VACC also runs its own vascular training and certification program. (Doc. 10 at 2). Touting its efforts to provide certification services nationwide,

VACC says it has administered over 11,500 exams and 9,833 certifications since it opened. (*Id.*) To advertise their services, both parties use a certain mark. The mark says "VA-BC" and Plaintiffs' mark has a heart over the hyphen, while VACC's mark has a heart shape next to the letter V. (Doc. 24 at ¶ 15; Ex. B). Both parties claim a right to the mark and say that the other is the infringer. According to Plaintiffs, they have been using the mark since at least 2010 and are the first to use the mark. (Doc. 24 at ¶ 17). VACC disputes that and says that not only is it the first to use the mark but also its rightful owner. (Doc. 10 at 4–5). Originally, Plaintiffs had brought the following claims against VACC: trademark infringement and initial interest confusion; unfair competition and false designation of origin; common law trademark infringement and unfair competition; and finally unjust enrichment. (Doc. 1 at 5–8).

Now, seeking to amend their original complaint, Plaintiffs bring the following five claims and seek to add a new defendant: (1) trademark infringement and initial interest confusion; (2) contributory trademark infringement (against Association for Vascular Access, "AVA," only); (3) unfair competition and false designation or origin; (4) deceptive trade practices; (5) common law trademark infringement; and lastly (6) unjust enrichment. (Doc. 24 at 12–19). Because VACC has asked that the Court apply its pending Motion to Dismiss to the First Amended Complaint, the Court will do so.

**II.   Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading at any time with leave of the court or if the opposing party consents, and directs that leave should be freely granted "when justice so requires." Ninth Circuit case law strongly supports a liberal approach to allowing amendments. *Lopez v. Smith,* 203 F.3d 1122, 1128 (9th Cir. 2000) ("[W]e have repeatedly stressed that the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities."). Fed. R. Civ. P. 15(a)(2). Rule 15(a), however, gives the district court discretion to deny leave to amend for reasons such as: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5)

1  whether plaintiff has previously amended his complaint. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Western Shoshone Nat'l Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 1991). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995). Local Rules of Civil Procedure ("LRCiv") 15.1(a) provides "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits."

### III. Discussion

#### 1. Futility

VACC argues that Plaintiff's amendment is futile, and this is enough for the Court to deny the Motion. The Court disagrees.  A proposed amendment is futile if it could not withstand a motion to dismiss under Rule 12(b)(6).  To withstand dismissal under Rule 12(b)(6), a plaintiff must put forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Plaintiff has plead five claims and put forth enough facts to sustain each of them.

#### a. Trademark Infringement

First, Plaintiff has sufficiently pled enough facts, if taken as true, to make a plausible claim for trademark infringement.  Trademark infringement under the Lanham Act requires two things: (1) ownership of a valid mark (protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (citation and internal quotation marks omitted).  The second element is subject to an eight-factor test called the *Sleekcraft* factors.  *See Pom Wonderful LLC v. Hubbard*,

775 F.3d 1118, 1125 (9th Cir. 2014) ("We look to the following eight *Sleekcraft* factors for guidance in assessing the likelihood of consumer confusion: (1) strength of the protected mark; (2) proximity and relatedness of the goods; (3) type of goods and the degree of consumer care; (4) similarity of the protected mark and the allegedly infringing mark; (5) marketing channel convergence; (6) evidence of actual consumer confusion; (7) defendant's intent in selecting the allegedly infringing mark; and (8) likelihood of product expansion.") The eight sub-factors are not an exhaustive list and are meant to be applied in a flexible manner, with some taking more importance than others depending on the circumstances of the case. *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012).

Beginning with the first element of trademark infringement, Plaintiffs allege that they are the "sole and exclusive licensees" of the VA-BC mark.  (Doc. 24 at ¶ 16–18). They assert being the first to establish a trademark and develop a market presence for their business and the VA-BC mark.  (*Id.*)  Drawing all reasonable inferences in Plaintiffs' favor, the Court finds that this assertion satisfies the first element of trademark infringement: ownership of a valid mark. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and internal quotation marks omitted).

Moving to the second element of trademark infringement, Plaintiffs allege that their VA-BC mark and VACC's mark are likely to cause confusion. (Doc. 24 at ¶ 24–26). While Plaintiffs have not outlined all the factors for the Court, they are not required to do so at this stage. What they have shown is that both they and VACC are in the same line of business: vascular access educational/certification services. (*Id*. at ¶¶ 44–45). Having done so, this provides support for the second *Sleekcraft* factor of proximity and relatedness of the goods. *Rearden LLC*, 683 F.3d at 1209.  It also bolsters the fourth factor of "similarity of the protected mark and the allegedly infringing mark" because both marks use the same words with a heart above the dash between VA and BC for Plaintiffs and a heart next to the letter V for VACC. *Id.* (*See also* Doc. 24 at 24; Ex. A (Plaintiffs' 'Trademark Registration with the United States Patent and Trademark

Office); Ex. B (VACC's website and promotional materials)). The Court is hesitant to state that this element of the trademark infringement analysis is futile considering that the Ninth Circuit has stated that even at the motion for summary judgment stage, the *Sleekcraft* factors rarely favor the grant of summary judgment. *Rearden LLC*, 683 F.3d at 1209. The fact-intensive nature of the factors lends itself to the development of a full record, not expeditious conclusions. VACC's argument against this first claim alleges that Plaintiffs procured their trademark registration through fraud. (Doc. 10 at 5–6). But this does not attack whether Plaintiffs met the pleading standard outlined by Rule 12(b)(6). Further, the Court understands VACC's point that according to Plaintiffs' own trademark papers, Plaintiffs have disclaimed any trademarks rights in the following: "VA-BC." (*Id.* at 4). However, that is not the only alleged point of consumer confusion between the two marks, and the motion to dismiss standard, while not entirely undemanding, is not an onerous standard.

Again, drawing all reasonable inferences in Plaintiffs' favor, the Court finds the trademark infringement claim provided by Plaintiffs in their Amended Motion can withstand a motion to dismiss, and is therefore, not futile. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

### b. Contributory Trademark Infringement

Turning to the second claim[1] in Plaintiffs' Amended Motion, the Court finds that this claim is not futile. Contributory trademark infringement requires a plaintiff to show that the defendant continued to provide its services to an infringer of the trademark, and the defendant knew or had reason to know the infringer was engaging in the infringing action. *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 854 (1982). When the infringement involves services instead of just a product, the plaintiff must also show that there was direct control over the means of infringement used by a third party. *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 984 (9th Cir. 1999).

Here, the services being offered by VACC, according to Plaintiffs, are educational

---

[1] Plaintiffs only bring this claim against AVA.

and certification services in the vascular access industry. (Doc. 24 at ¶ 21). To plead that AVA knew about the infringing actions of VACC and exerted some degree of control over the instrumentality of infringement—mainly the online presence of both AVA and VACC and their promotional materials—Plaintiffs allege that AVA had shared leadership and shared governance over their operations. (*Id.* at ¶ 29). Another way AVA exerted control was through purchasing and renewing the domain name vacert.org and actively promoting VACC's activities and offerings. (*Id.* at ¶ 31–33). At least for now, the Court finds that Plaintiffs have pled enough facts to stave off a motion to dismiss on the contributory trademark infringement claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### c. Unfair Competition[2] and False Designation of Origin

Plaintiffs' third claim for unfair competition and false designation of origin also fares well against a motion to dismiss. To prevail on a claim of false designation of origin, a plaintiff must show that "(1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) the plaintiff has been or is likely to be damaged by these acts." *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1015 (N.D. Cal. 2015).

In making their claim for false designation of origin, Plaintiffs states that VACC and AVA used a mark that was remarkably like Plaintiffs' own mark and did so to confuse the public about the origin of the mark. (Doc. 24 at ¶ 69). Plaintiffs further allege that they have been damaged by Defendants' use because they have suffered and

---

[2] "[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Hokto Kinoko Co. v. Concord Farms, Inc.,* 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011) (citing *New West Corp. v. NYM Co. of California, Inc.,* 595 F.2d 1194, 1201 (9th Cir.1979)).

will continue to suffer "irreparable harm to their business, reputation, and goodwill . . ." (*Id.* at ¶ 71). As a counter to Plaintiffs' argument, VACC offers the following: "Here, the Complaint fails to allege any facts that Defendant VACC used a false designation of origin or made any misleading representation about the source of Plaintiffs' goods or services." (Doc. 10 at 7). However, when taken as true, the factual allegations that have been alleged by Plaintiffs, are enough to survive a motion to dismiss. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000).

### d. Deceptive Trade Practices under A.R.S. § 44-1522[3]

As to Plaintiffs' fourth claim about deceptive trade practices, the Court finds that the claim can withstand a motion to dismiss and is therefore not futile. A claim under this statute is established by showing (1) "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise" and (2) a "consequent and proximate injury." *Thomas v. Ally Bank*, 2017 WL 6616620, at *2 (Ariz. Ct. App. Dec. 28, 2017). Notably, the statute does not require that anyone actually be misled or deceived. *See* A.R.S. § 44-1522.

Advancing their argument that Defendants engaged in deceptive trade practices, Plaintiffs argue that Defendants misrepresented to the public that they were two independent organizations, when in fact they were operating as a collective enterprise. (Doc. 24 at ¶¶ 75–80). Specifically, Plaintiffs argue that Defendants lied to the public about their credentials, incorporation status in various jurisdictions, and testing dates that never came to fruition. (*Id.*) To address the second prong of the two-prong test, Plaintiffs state "[a]s a direct and proximate result of AVA's deceptive trade practices, Plaintiffs and the public have suffered damages, including widespread confusion about the legitimacy of VA-BC credentials and undermining of public trust in credentialing systems (particularly vascular access credentialing systems)." (*Id.* at 81). Because detailed factual allegations are not necessary at the motion to dismiss stage, just sufficient

---

[3] Because VACC asked that its Motion to Dismiss apply to Plaintiffs' First Amended Complaint, and this claim is a new addition, VACC has not offered any argument against this claim.

factual matter, taken as true, to state a claim for relief, the Court finds that Plaintiffs' claim for deceptive trade practices can go forward. *Twombly*, 550 U.S. at 555–56.

### e. Common Law Trademark Infringement and Unfair Competition

Plaintiffs' claim for common law trademark, like Plaintiffs' other claims thus far, thwarts a motion to dismiss. To establish enforceable common law trademark rights in a geographical area, a plaintiff must prove that, in that area, (1) it is the senior user of the mark, and (2) it has established legally sufficient market penetration. *See, e.g., Credit One Corp. v. Credit One Financial, Inc.,* 661 F.Supp.2d 1134, 1138 (C.D.Cal.2009) ("A party asserting common law rights must not only establish that it is the senior user, it must also show that it has 'legally sufficient market penetration' in a certain geographic market to establish those trademark rights.") (quoting *Glow Indus. Inc. v. Lopez,* 252 F.Supp.2d 962, 983 (C.D.Cal.2002))).[4] Plaintiffs allege that they have been "secured the trademark, brand identity, and market presence of/for the VA-BC Mark before any other organization entered the space." (Doc. 24 at ¶ 18). This is an allegation that they are the senior user of the mark. Going further, Plaintiffs argue that they have expended considerable resources in building goodwill around their business and that they are a recognized provider of the services associated with them. (*Id.* at ¶ 19). They also say their mark has acquired secondary meaning within the relevant market and even broader U.S. market. (*Id.* at ¶ 85). VACC opposes these allegations by stating that it is the senior user of the VA-BC mark, not Plaintiffs. (Doc. 10 at 8). The statements made by Plaintiffs, however, are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. Therefore, the claim for common law trademark infringement survives and is not futile.

---

[4] The distinction between trademark infringement and common law trademark infringement is subtle but exists. The first occurs when an infringer uses a federally registered mark. *Optimal Pets, Inc. v. Nutri-Vet, LLC*, 877 F. Supp. 2d 953, 958 (C.D. Cal. 2012). Underlying common law trademark infringement, however, is that there is a senior user in a certain geographic area, and not necessarily one who has a federally registered trademark. *Id.*

### f. Unjust Enrichment[5]

The last claim for unjust enrichment also survives a motion to dismiss. To prevail on an unjust enrichment claim, a plaintiff must allege: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law." *Perez v. First Am. Title Ins. Co.*, 810 F. Supp. 2d 986, 991 (D. Ariz. 2011) (quoting *Freeman v. Sorchych*, 245 P.3d 927 (Ariz. Ct. App. 2011)). Thus, a plaintiff must demonstrate that the defendant "received a benefit, that by receipt of that benefit the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should provide compensation." *Id.*

The enrichment Plaintiffs are alleging is the use of the VA-BC mark, which Plaintiffs allege is likely to confuse customers and route them to Defendants' services instead of Plaintiffs. (*Id.* at 47). The allegation applies to the impoverishment element of the unjust enrichment claim because if customers give their business to Defendants, they are not giving it to Plaintiffs. Connecting the enrichment and the impoverishment, Plaintiffs allege that Defendants use of the infringing mark and the consequent profit from that mark is sufficient to connect the two. (*Id.* at 41–42). The Court agrees. To sweep in the last two elements in their pleading Plaintiffs state that the use of the mark is an infringement, meaning there is no justification, and that there is "[n]o adequate remedy at law." (*Id.* at 45, 49, 50 & 94–96). VACC offers that Plaintiffs, not VACC, are the ones unjustly enriched because VACC is the senior user of the mark. (Doc. 10 at 9). Because at the motion to dismiss stage, a pleading can survive even if "recovery is very remote and unlikely," as long as the facts alleged are "enough to raise a right to relief above the speculative level," the Court finds that the unjust enrichment claim can survives a motion a dismiss. *Twombly*, 550 U.S. at 1965.

---

[5] VACC also argues that Plaintiffs cannot bring both an infringement claim under the Lanham Act and an unjust enrichment claim. However, pleading in the alternative, especially at this stage, is allowed. *See* Fed. R. Civ. P. 8(d)(2).

### 2. Undue Delay

While undue delay on its own is insufficient to deny a motion to amend a complaint, courts consider this factor in determining whether amendment should be granted. *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Also relevant is if the amended pleading will refine and clarify the issues before the court. *Cuevas v. City of San Luis, Ariz.*, 2008 WL 4820113, at *2 (D. Ariz. Nov. 3, 2008).

Plaintiffs assert that their proposed amendments "seek[] to add further detail and clarity to Plaintiffs' claims of direct trademark infringement and deceptive practices against AVA" and that "[g]ranting leave to amend will allow the Court to address the complete factual and legal landscape of this case, ensuring justice is served." (Doc. 24 at 2). Because no discovery has yet commenced in this case and because leave to amend should be liberally granted, the Court finds that there was no undue delay on the part of Plaintiffs in amending their Complaint. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Bank of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990)).

### 3. Bad faith

A showing of bad faith is supported when it can be demonstrated that plaintiff's motives for amending the complaint were for an improper purpose. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003). VACC, in its Response to the Motion to Amend states that Plaintiffs are showing bad faith by moving to amend. (Doc. 27 at 1). However, nothing in Plaintiffs' pleadings suggests that to be true. If anything, as Plaintiffs stated, they were seeking to clarify and further define their claims. VACC's other argument that Plaintiffs are simply seeking to dodge a pending motion to dismiss, is, as stated by another court in response to the same argument, "mere

conjecture." *Cuevas v. City of San Luis, Ariz.*, 2008 WL 4820113, at *3 (D. Ariz. Nov. 3, 2008). Finding no bad faith, the Court will move on to the prejudice factor.

### 4. Prejudice

Prejudice to the opposing party carries the greatest weight in determining whether leave to amend should be granted, despite its liberal applicability. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185 (9th Cir.1987). Prejudice to the opposing party is the "touchstone of the inquiry under Rule 15(a)." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.2d 363 368 (5th Cir. 2001); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"). The burden of proving prejudice is on the party opposing the motion. *DCD Programs, LTD.*, 833 F.2d at 187.

VACC argues that it will be unduly prejudiced by the amendment because of the increased time and money that VACC would have to expend to defend against this lawsuit. (Doc. 27 at 3–4). Additionally, VACC argues that the new claims and theories are not tied to the original complaint and are being introduced after a motion to dismiss has already been filed. (*Id.*)

Contrary to VACC's arguments, a party cannot claim added expense and costs as a reason to establish prejudice. *Hale v. Lloyd's, London*, 2020 WL 262820, at *5 (D. Haw. Jan. 17, 2020). And the amendment will not cause VACC to rethink its defense and litigation strategy because the new claims are all essentially related to the claims pled in the original complaint. (Doc. 24 at 14–15). *See Hale*, 2020 WL 262820, at *5. In fact, in apparent recognition of the similarity, VACC asked that its pending Motion to Dismiss be applied to the First Amended Complaint. Thus, the fact that the Motion to Amend was filed while a fully briefed motion to dismiss was pending is not a basis for the Court to find prejudice here. *Cuevas v. City of San Luis, Ariz.*, 2008 WL 4820113, at *2 (D. Ariz. Nov. 3, 2008) ("If the Court were to accept this argument, it would essentially close the door to the possibility of future plaintiffs filing motions for leave to file an amended complaint subsequent to defendants filing a motion to dismiss."). Therefore, the Court

finds that this factor does not weigh against granting the Motion to Amend.

**5. Whether plaintiff has previously amended the complaint**

When a plaintiff has repeatedly failed to cure deficiencies by previously allowed amendments, this generally weighs in favor of not granting a motion to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Because this is the Plaintiffs' First Amended Complaint, and there have not been repeated attempts to amend, this factor favors allowing the amendment.

**IV. Motion to Dismiss**

In VACC's Response in Opposition to Plaintiffs' Leave to Amend, VACC asks the Court to apply its existing pending Motion to Dismiss to the Amended Complaint. (Doc. 27 at 4). It was VACC's position that mooting their Motion to Dismiss would result in duplicative briefing and that judicial economy would be better served by avoiding more motions practice. (*Id.*) The Court agrees, and because the Court has already done the motion to dismiss analysis above, under the futility prong of the Motion to Amend, the Court will not repeat itself here except to say that VACC's pending Motion to Dismiss is denied in its entirety.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Amend (Doc. 24) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is **denied.**

Dated this 3rd day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 12 -