**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Josephine Brandon, et al.,

Plaintiffs,

v.

Vascular Access Certification Corporation, et al.,

Defendants.

No. CV-25-01538-PHX-DJH

**ORDER**

Before the Court is Defendant Association for Vascular Access's ("AVA") "Motion to Dismiss Pursuant to 12(b)(6) or in the Alternative Motion for a More Definite Statement and Motion to Strike Pursuant to 12(f)(2)." (Doc. 34). AVA seek to dismiss Plaintiff Josephine Brandon ("Brandon") and William Hart's ("Hart") (collectively "Plaintiffs") First Amended Complaint ("FAC"). (Doc. 34). The Motion is fully briefed. (Docs. 38 & 41).[1] For the reasons set forth below, the Court will grant the Motion to

[1] As of August 4, 2026, Plaintiffs have been without counsel (Doc. 61). Proceeding *pro se*, they have filed two pending Motions with the Court. (Docs. 62 & 64). The first Motion is a "Motion for Leave to File Limited Supplemental Memorandum and Request for Judicial Notice Regarding AVA's Pending Motion to Dismiss." (Doc. 62). In that Motion, Plaintiffs ask the Court to take judicial notice of a Petition for Cancellation filed by AVA with the United States Patent and Trademark Office's ("PTO") Trademark Trial and Appeal Board. (*Id.* at 3). It appears that AVA sought to cancel Plaintiffs' trademark registration with the United States Patent and Trademark Office's Trademark Trial and Appeal Board. (*Id.*) The second Motion is a "Motion for Leave to File Declarations During Temporary Stay Based on Continuing Public-Safety Concerns and Delayed Transfer of the Litigation File and Memorandum of Points and Authorities." (Doc. 64). In the second Motion Plaintiffs say they wish to admit their Declarations on the record based on their "personal knowledge, observations, investigation, documentary review, and the evidence presently available to them . . . ." (*Id.* at ¶ 7). Plaintiffs further state that their Declarations provide an "appropriate evidentiary means for establishing the factual circumstances supporting the limited procedural relief sought through this Motion." (*Id.* at 6).

Dismiss[2] as to both Defendants (AVA and VACC) in this action and deny the Motion to Strike as moot.

## I. Background

This is the second of two Motions to Dismiss filed in this case. The first was brought by Defendant Vascular Access Certification Corporation ("VACC") on June 3, 2025. (Doc. 10). The Court ultimately denied the first Motion to Dismiss while allowing Plaintiffs to file an FAC. (Doc. 30). Plaintiffs also filed a Temporary Restraining Order ("TRO") and, in the alternative, a Preliminary Injunction ("PI") against AVA and VACC in this action on July 22, 2026. (Doc. 48). The Court denied the TRO and PI finding that Plaintiffs were not likely to succeed on the merits of their claims and had not shown irreparable harm. (Doc. 50). Specifically, as to AVA, the Court found that Plaintiffs had not shown that AVA was using an infringing mark or even in the same industry as Plaintiffs. (*Id.*)

Since ruling on the original motion to dismiss and the TRO and PI, the background facts of this case have remained largely the same. Plaintiffs allege that they are the owners of a mark with the letters "VA-BC" with a heart over the hyphen and a jagged line through the heart meant to represent an EKG line. (Doc. 31 at ¶ 15). Plaintiffs point to their United States Trademark Office ("USPTO") registration and also their use in commerce since at least 2010 to show that they are the senior users and rightful owners of the disputed mark.

---

The Court denies the first Motion (Doc. 62). The fact that AVA filed a petition for cancellation of Plaintifs' trademark with the PTO is irrelevant to issues raised in the Motion to Dismiss. The Court will not take judicial notice of irrelevant facts. *Clemons v. BNSF Ry. Co.*, 2025 WL 3141858, at *6 (C.D. Cal. Oct. 30, 2025); *see also Bank of Am., N.A. ex rel. HSBC Bank USA, Nat. Ass'n v. Amil*, 2013 WL 1283444, at *2 (N.D. Cal. Feb. 1, 2013), *report and recommendation approved sub nom. Bank of Am., N.A. v. Amil*, 2013 WL 1282972 (N.D. Cal. Mar. 25, 2013).

The second Motion will also be denied (Doc. 64). AVA is moving to dismiss Plaintiffs' claims as a matter of law. Plaintiffs do not have a burden to submit evidence in support of their claims in opposing a motion to dismiss. Moreover, the Motion is fully briefed, and nothing in Plaintiffs' Motion justifies allowing Plaintiffs to file a second opposition to a fully briefed and pending Motion to Dismiss. *Wayne v. Sierra Cnty.*, 2025 WL 2105580, at *1 (E.D. Cal. July 28, 2025).

[2] In the alternative, AVA has also asked for a more definitive statement under Federal Rule of Civil Procedure 12(e) in the event that the Court denies the Motion to Dismiss. (Doc. 34 at 1). But since the Court is granting AVA's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will not address the alternative argument.

(*Id.* at ¶¶ 15–17). The mark is used by Plaintiffs in the vascular access industry to provide individuals with vascular education and certification. (*Id.* at ¶¶ 20–21). According to Plaintiffs, VACC and AVA are not two separate entities, rather they operate under common control. (Doc. 31 at ¶¶ 28–29). Some examples of coordination between AVA and VACC cited by Plaintiffs include AVA's purchase of VACC's domain name and AVA's promotion of VACC's activities. (*Id.* at ¶¶ 31–33). Promotions of VACC's services by AVA occurred on AVA's newsletter, its resource guide, and its Facebook posts, according to Plaintiffs. (*Id.* at ¶ 33). Not only do Plaintiffs argue that AVA assisted VACC in infringing on their protected trademark, but they also allege that AVA used the protected trademark to market their own services. (*Id.*)

The FAC consists of the following claims against AVA: (1) trademark infringement and initial interest confusion under 15 U.S.C. § 1114; (2) contributory trademark infringement under 15 U.S.C. § 1114; (3) unfair competition and false designation of origin under 15 U.S.C. ¶ 1125(a); (4) deceptive trade practices under A.R.S. 44-1522; (5) common law trademark infringement and unfair competition; and (6) unjust enrichment. (Doc. 31 at 7–14).

## II. Legal Standard

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft*, 556 U.S. at 678. In reviewing a motion to dismiss, the Court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint

does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**A. Trademark Infringement and Initial Interest Confusion**

AVA argues that Plaintiffs are not entitled to trademark protection for a combination of letters that has been disclaimed from protection by the USPTO. (Doc. 34 at 6). Plaintiffs counter that a disclaimer of the phrasing "VA-BC" does not preclude a consumer confusion analysis because the mark should be viewed in its entirety. (Doc. 38 at 3). The Court disagrees that it is required to do a consumer confusion analysis when Plaintiffs have not shown that that they have a protected interest in the phrase: "VA-BC."

Trademark infringement under the Lanham Act requires two things: (1) ownership of a valid mark (protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (citation and internal quotation marks omitted). The second element is subject to an eight-factor test called the *Sleekcraft* factors. *See Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1125 (9th Cir. 2014) ("We look to the following eight *Sleekcraft* factors for guidance in assessing the likelihood of consumer confusion: (1) strength of the protected mark; (2) proximity and relatedness of the goods; (3) type of goods and the degree of consumer care; (4) similarity of the protected mark and the allegedly infringing mark; (5) marketing channel convergence; (6) evidence of actual consumer confusion; (7) defendant's intent in selecting the allegedly infringing mark; and (8) likelihood of product expansion."). The eight sub-factors are not an exhaustive list and are meant to be applied in a flexible manner, with some taking more importance than others depending on the circumstances of the case. *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012).

To start, the Court finds that Plaintiffs have not alleged enough facts, taken as true, to support a finding that AVA infringed on a protected mark. Although Plaintiffs state that AVA used the "VA-BC" mark in its websites and promotional materials, the USPTO registration does not grant Plaintiffs the exclusive use to the phrase "VA-BC." (Doc. 31-1

at 2, Ex. A, USPTO Registration). Instead, the USPTO trademark registration was issued as to the mark that included the lettering "VA-BC" but with a heart over the hyphen and a jagged line over the heart. (*Id.*)

As another point, Plaintiffs have attached nothing to their FAC that would allow the Court to reasonably infer that AVA used the entirety of the protected mark. The sole exhibit that relates to AVA's website shows only AVA's recommended study guides for vascular certification. (Doc. 31-1 at 7, Exhibit B, AVA website). From the portion of the website that has been provided to the Court, the Court is strained to even infer that AVA used the term "VA-BC." But even assuming that AVA used the term "VA-BC," a registrant of a federal trademark has no rights to the disclaimed portions of the trademark. *Balance Studio, Inc. v. Cybernet Ent., LLC*, 2016 WL 1559745, at *4 (N.D. Cal. Apr. 18, 2016). And because Plaintiffs have failed to show that they own a protectible interest in the phrasing "VA-BC," the Court need not address whether Plaintiffs have demonstrated a likelihood of consumer confusion. *Pollution Denim & Co. v. Pollution Clothing Co.*, 547 F. Supp. 2d 1132, 1142 (C.D. Cal. 2007). Because the Court finds that Plaintiffs have not alleged a protectible interest in the term "VA-BC," nor have they alleged that AVA used the composite of their protected mark in AVA's promotional materials, the Court finds that Plaintiffs have failed to state a claim for which relief can be granted.

**B. Contributory Infringement**

AVA argues that because Plaintiffs have not adequately plead direct infringement by VACC, this precludes them from bringing a contributory infringement claim. (Doc. 34 at 9). In other words, AVA argues that contributory infringement derives from direct infringement and the former cannot stand without the latter. (*Id.*) But in the event that VACC or AVA did use the lettering "VA-BC," AVA argues that this is nominative fair use, a complete defense to contributory infringement. (*Id.* at 10). As a counterpoint, Plaintiffs argue that nominative fair use is an affirmative defense and its resolution is inappropriate at the motion to dismiss stage. (Doc. 38 at 8). Additionally, Plaintiffs also argue that they have alleged enough to withstand a motion to dismiss by pointing out that

AVA and VACC share leadership and that AVA directed clients to VACC while knowing it was using an infringing mark. (*Id.* at 7). The Court disagrees that nominative fair use cannot be adjudicated at the motion to dismiss stage.

Contributory trademark infringement requires a plaintiff to show that the defendant continued to provide its services to an infringer of the trademark, and the defendant knew or had reason to know the infringer was engaging in the infringing action. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982). When the infringement involves services instead of just a product, the plaintiff must also show that there was direct control over the means of infringement used by a third party. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir. 1999). Further, nominative fair use is defense readily ascertained and decided at the motion to dismiss stage. *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 968 F. Supp. 2d 1082, 1089 (D. Nev. 2013). To determine if the nominative fair use defense applies the following three factors are examined: (1) whether the product was readily identifiable without the use of the mark; (2) whether the defendant used more of the mark than necessary; or (3) if defendant falsely suggested that it was sponsored or endorsed by the trademark holder. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010). Generally, when a nominative fair use defense is established by a defendant, the burden shifts back to the plaintiff to show why a use of a mark is not nominative fair use, but the plaintiff is required to do more than simply assert that this inquiry is inappropriate at the motion to dismiss stage. *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 256 F. Supp. 3d 1099, 1113 (S.D. Cal. 2017).

The Court finds that because Plaintiffs failed to adequately plead direct trademark infringement by VACC, the contributory infringement claim is necessarily precluded against AVA. In their FAC, Plaintiffs state in a conclusory manner that VACC used the "VA-BC" mark in a manner that is likely to cause confusion. (Doc. 1 at 47 – 49). But in their USPTO registration of the mark, Plaintiffs specifically disclaimed any exclusive and sole use of the lettering "VA-BC." (Doc. 31-1 at 2, Ex. A, USPTO Registration). Only the mark taken together, as a composite, with the lettering and the heart over the hyphen with

the EKG symbol, is what Plaintiffs have a protected interest in. (*Id.*) By failing to adequately allege a predicate act of infringement, Plaintiff cannot succeed on a claim for the derivative act of contributory infringement. *CMRE Fin. Servs. Inc. v. Doxo Inc.*, 2022 WL 16701259, at *6 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, 2022 WL 16699090 (W.D. Wash. Nov. 3, 2022). And Plaintiffs have not alleged that VACC used their specific mark, only that VACC used the lettering “VA-BC” and AVA assisted VACC in doing so.

But leaving to one side VACC’s use of the “VA-BC” lettering, the nominative fair use doctrine bars a claim for contributory infringement. *Id.* By its true meaning, nominative fair use is not use of the disputed trademark itself. Rather, it is comparative and referential use; meaning that nominative fair use is implicated when a particular product is mentioned as a comparator to another product in a way that is likely to cause confusion amongst consumers. *Ansel Adams Pub. Rts. Tr. v. PRS Media Partners, LLC*, 2010 WL 4974114, at *3 (N.D. Cal. Dec. 1, 2010). If the nominative fair use satisfies the three factors outlined by the Ninth Circuit, then the nominative fair use defense suspends an infringement claim entirely. *Toyota Motor Sales, U.S.A., Inc.*, 610 F.3d at 1175.

All three factors to support nominative fair use are satisfied here. First, AVA never used the entire trademark when it advertised VACC as one provider of vascular service credentialing. It only used the disclaimed portions of the mark and without the disclaimed portions, VACC’s credentialing services were not readily identifiable without the use of the lettering “VA-BC” because the lettering is an acronym and short form provided by VACC, with the long form being “vascular access board certification.” (Doc. 34 at 5). Second, no more of the mark is used than necessary. As pointed out by AVA, it did not use the heart over the hyphen with an EKG line over it, nor did it use the bold type face that Plaintiffs use when adverting their services. (Doc. 34 at 8). It used only the lettering “VA-BC” in marketing VACC’s credentialing services to show that VACC’s courses are board certified. (*Id.*) Lastly, nothing in the record shows that in marketing VACC’s services that AVA suggested that the services were sponsored or endorsed by Plaintiffs.

Because the Court finds that nominative fair use applies as a defense to the trademark infringement claims and that contributory trademark infringement cannot be bought as a derivative claim because no trademark infringement has been established, the Court finds that Plaintiffs' contributory negligence claim cannot go forward. *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 256 F. Supp. 3d 1099, 1112 (S.D. Cal. 2017) (granting a motion to dismiss on nominative fair use grounds).

**C. Unfair Competition,[3] False Designation of Origin, and Common Law Trademark Infringement**

Nominative fair use is a defense that exists outside of the strictures of trademark law and therefore does not trigger the Lanham Act's trademark protections. *See* 15 U.S.C. § 1125 (3)(A); *see also Dr. Seuss Enters., L.P.*, 256 F. Supp. 3d at 1113. Because the Court found above that as a matter of law nominative fair use applies and that nominative fair use is a complete defense under the Lanham Act, the other claims rooted in the Lanham Act brought by Plaintiffs are also properly denied.

**D. State Law Claims**

Plaintiffs also brought a deceptive trade practices claim under A.R.S. § 44-1522 and an unjust enrichment claim. (Doc. 31 at 11). Because the Court has decided to dismiss the only federal law claims in this action (the ones based in the Lanham Act) the Court need not exercise supplemental jurisdiction over the state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (when federal claims are dismissed, district courts should usually decline to exercise supplemental jurisdiction over state law claims); *see also Fotinos v. Fotinos*, 2013 WL 1195644, at *2 (N.D. Cal. Mar. 22, 2013) (doing the same). Therefore, AVA's Motion to Dismiss will be granted as to the deceptive trade practices claim and the unjust enrichment claim as well.

/ / /

---

[3] Plaintiffs have brought both federal and state law unfair competition claims. (Doc. 31 at 10 & 12). Federal and state unfair competition claims are "substantially congruent," and their viability is co-existent. *Denbicare U.S.A. Inc. v. Toys R Us, Inc.*, 84 F.3d 1143, 1152 (9th Cir. 1996) *abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013). The Court thus analyzes both in tandem.

## III. Claims against VACC

The Court notes that VACC did not join AVA's Motion to Dismiss or renew its Motion to Dismiss after Plaintiffs filed their FAC. Particularly noteworthy, however, is that Plaintiffs, aside from the contributory trademark infringement claim, brought the same claims against VACC as they did against AVA. (Doc. 31 at 7–14). But as the Court concluded above, Plaintiffs have not adequately pled a trademark infringement claim, or really any claim rooted in the Lanaham Act. Even assuming that Plaintiffs have met the pleading standards of Federal Rules of Civil Procedure 8 and 12, the Court also found above that the nominative fair use applies to all of the Lanham Act claims and that the Court will not exercise supplemental jurisdiction over the pending state law claims. The defects described in the Order above apply with equal force to VACC. *See Nasser v. Julius Sammann Ltd.*, 2017 WL 3492164, at *2 (S.D. Cal. Aug. 15, 2017); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Therefore, the FAC and this action will be dismissed in its entirety.

## IV. Motion to Strike

AVA also moves to strike allegations in Plaintiffs' Complaint about AVA's allegedly fraudulent tax filings and its misrepresentations of its corporate status across different states. (Doc. 31 at ¶¶ 34, 37, 76–79).[4] AVA asserts that these allegations have no ties to the claims at issue and are maliciously false with no basis in law, fact, or evidence. (Doc. 34 at 14). Plaintiffs contend that AVA's use of "shadow EINs"[5] and false representation to the Internal Revenue Service ("IRS") are directly related to its trademark claims. (Doc. 38 at 14). Plaintiffs then list out the IRS's revocations of AVA's EINs and accuse AVA and VACC of omitting information from IRS forms, all the while maintaining that "Plaintiffs are not required to attach every document to the Complaint" to make their point. (Doc. 38 at 15).

---

[4] AVA also asks the Court to strike other paragraphs of the Complaint that reference shared or joint control of business operations by AVA and VACC, but the Court does not find those allegations are entirely untethered from Plaintiffs' theory of the case.

[5] "EIN" is a common acronym for "Employer Identification Numbers."

Federal Rule of Civil Procedure ("Rule") 12(f) allows a court to "strike from a pleading" any matter that is "redundant, immaterial, impertinent, or scandalous." *See also* LRCiv. 7.2(m)(1) (a motion to strike may only be filed if "authorized by statute or rule, . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to strike a pleading is ultimately within a trial court's discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Additionally, the Court possesses inherent power to manage its docket and strike improper filings. *See, e.g.*, *Atchison, Topeka & Santa Fe Ry. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998); *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (recognizing the district court's inherent power and authority over the administration of its business, to regulate the conduct of litigants who appear before it, and to promulgate and enforce rules for the management of litigation) (collecting cases).

The Court is inclined to agree with AVA that the "allegations are not part of Plaintiffs' theory of the case and they have a likelihood of prejudicing Defendants." *Women's Recovery Ctr., LLC v. Anthem Blue Cross Life & Health Ins. Co.*, 2024 WL 5694631, at *7 (C.D. Cal. Nov. 1, 2024). Nothing about the Lanham Act claims requires Plaintiffs to allege that AVA filed fraudulent tax returns or defrauded the IRS in any way. The same can be said about the elements of the state law claims. The allegations about AVA's tax filings and its corporate structure in various states appear to be extraneous and not linked to the legal theory of the case. *Bongiovanni v. State Farm Fin. Servs., F.S.B.*, 2015 WL 13916263, at *3 (C.D. Cal. Apr. 6, 2015) ("Immaterial matter which has no essential or important relationship to the claim for relief of the defenses being pleaded while impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (internal citations and quotations omitted). However, because the Court is dismissing the action in its entirety, the Court need not determine the issue.

The Motion to Strike will accordingly be denied as moot.

Accordingly,

**IT IS ORDERED** that AVA's Motion to Dismiss (Doc. 34) is **granted.** Plaintiffs' First Amended Complaint (Doc. 31) shall be **dismissed in its entirety**. AVA's Motion to Strike (Doc. 34) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Limited Supplemental Memorandum and Request for Judicial Notice (Doc. 62) and their Motion to Motion for Leave to File Declarations During Temporary Stay Based on Continuing Public-Safety Concerns and Delayed Transfer of the Litigation File and Memorandum of Points and Authorities (Doc. 64) are also both **denied.**

**IT IS FINALLY ORDERED** that Plaintiffs may seek leave to file a second amended complaint on or before **September 25, 2026**. If no motion is filed on or before September 25, 2026, the Clerk of Court shall terminate this matter without further Court Order.

Dated this 27th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge